GROVER PERKINS V. THE STATE.

No. 12542.   Delivered May 8, 1929.

The opinion states the case.

*H. T. Lyttleton* of Marshall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Searching officers found on the premises occupied by the appellant about twenty-six quarts of whiskey. Twenty-three quarts of this whiskey were found in the edge of the garden in the weeds and three quarts in the seed house. The appellant claimed that he had kidney and liver trouble and admitted manufacturing the whiskey but claimed that he possessed and used same for medicinal purposes.

Appellant asked for a suspended sentence. He proved that he had not prior to his trial been convicted of a felony in this or in any other state. An issue was made as to his good reputation, testimony being introduced pro and con. The Court gave about the usual charge on this phase of the case, and authorized the jury in their discretion to suspend the sentence. The effect of the appellant's contention with reference to this charge seems to be that the Court erred in leaving such a matter to the jury's discretion. He asked for an instruction reading in part as follows:

"You are not permitted to refuse a suspended sentence merely on sentiment, but must try the issue according to the evidence in

the case, and if you believe from the evidence in the case that the defendant has not heretofore been convicted of a felony in this State or any other State, you will grant the suspension of the sentence.

"Unless you further believe that.the State has proven by the evidence in this case beyond a reasonable doubt, that the reputation of the defendant is generally such as to deprive him of the right to have the sentence suspended."

This was not an accurate statement of the law. A fair interpretation of the terms of the suspended sentence statute has left such a matter to the jury's discretion. The jury may feel themselves justified in refusing same either because of the status of the proof as to the general reputation or from the proven facts surrounding the commission of the crime, or perhaps for other reasons. In this case the appellant's good reputation seems to have been a subject of controversy. The quantity of liquor found in the appellant's possession and the circumstances attending it may have been such as to cause the jury to believe the best interests of society demanded the appellant's incarceration in the penitentiary. The determination of such matter has been, we think, confided by the law to the judgment of the jury who heard all the evidence.

The appellant introduced a physician who testified on direct examination that he had treated the appellant on several occasions. On cross-examination it developed that he had treated the appellant for urethritis. On re-direct examination this was shown to have been four years previously. There was an objection that this was too remote and was prejudicial. Bearing in mind that the appellant's defense was that the whiskey found was possessed by him for medicinal purposes, we think the State's inquiry was a proper one. If it were permissible for the appellant to show in line with his defense that he was being treated by a physician, it follows logically, we think, that the State could show that same was not for the disease with which the appellant claimed to have been afflicted. Besides, the answer on its face was not prejudicial, but if it were so, the matter was gone into by the appellant, and he cannot complain.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.